UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * *

Gold's Gym Licensing, LLC,
a Delaware limited liability company,

                Plaintiff,

vs.

K-Pro Marketing Group, Inc.,
a Minnesota corporation,

                Defendant.         Civ. No. 09-1211 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the motion of Kelm & Reuter, P.A. (the "Law Firm"), to withdraw, without substitution, as counsel for the Defendant K-Pro Marketing Group. See, Docket No. 15. A Hearing on the Motion was conducted on September 10, 2009, at which time, the Law Firm appeared by Timothy R. Reuter, Esq. ("Reuter"), and no

appearance was made by, or on behalf of the Defendant, or the Plaintiff Gold's Gym Licensing, LLC.[1]

For reasons which follow, we recommend that the Law Firm's Motion to Withdraw be granted.[2]

II. Factual and Procedural Background

On May 22, 2009, the Plaintiff filed its Complaint against the Defendant, asserting claims of trademark infringement, deceptive designation of origin, and deceptive trade practices. See, Complaint, Docket No. 1, at ¶1. In the Complaint, the Plaintiff alleges that the "Defendant is advertising and selling various products

---

[1] By letter dated September 9, 2009, the Plaintiff advised that it did not oppose the Law Firm's Motion to Withdraw, and accordingly, would make no appearance at the Hearing. See, Response to Motion to Withdraw, Docket No. 18.

[2] If the Law Firm is permitted to withdraw from its representation of the Defendants, and the Defendants do not retain substitute counsel, then the practical effect will be a Default Judgment against K-Pro Marketing Group which, as a corporation, cannot proceed pro se in the Federal Courts. See, Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993)("It has been the law for the better part of two centuries that a corporation may appear in federal courts only through licensed counsel."); see also, Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001)(finding the entry of default proper where corporate defendant "failed to engage counsel admitted to practice before the district court"), citing Ackra Direct v. Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). In view of that potential consequence, we have styled our ruling as a Report and Recommendation, given the potentially dispositive impact of our suggested ruling may have upon the resolution of this action.

bearing the federally registered name, likeness, and intellectual property of Gold's Gym without authorization." Id. On June 18, 2009, the Defendant filed an Answer, in which it denied the substantive allegations, and it asserted affirmative defenses to the Plaintiff's claims. See, Answer, Docket No. 10.

On May 28, 2009, shortly after filing its Complaint, the Plaintiff moved for a Preliminary Injunction. See, Plaintiff's Motion for Preliminary Injunction, Docket No. 3. A Hearing on the Motion was held on July 27, 2009, at which no appearance was entered on behalf of the Defendant. See, Minute Entry, Docket No. 12. On July 28, 2009, the District Court, the Honorable Patrick J. Schiltz presiding, granted the Plaintiff a Preliminary Injunction, and enjoined the Defendants from using the Plaintiff's trademarks, and from engaging in other deceptive trade practices. See, Order, Docket No. 13, at pp. 5-6.

Prior to the Hearing on the Preliminary Injunction, on July 21, 2009, the Defendant's Board of Directors, and its Chief Executive Officer, informed the Law Firm that its services were no longer desired. See, Affidavit of Timothy R. Reuter, Docket No. 16, ¶1. At the Hearing on its Motion to Withdraw, Reuter, on behalf of the Law Firm, represented that, at the time of the firm's termination, he informed the principals of the Defendant that, as a corporation, the Defendant could not proceed in

Federal Court without legal counsel. He also asserted that, in response, he was told that they had more pressing issues with which to deal. Reuter further asserted that the business entity has since been boarded up, and that he has had no further contact with the Defendant.

On August 7, 2009, the Law Firm filed its Motion to Withdraw without substitution, based upon the Defendant's termination of its services. See, <u>Motion to Withdraw</u>, <u>Docket No. 15</u>. The Defendant has submitted no response to the Law Firm's Motion, and it has not made known to the Court, through counsel or otherwise, its reasons for discharging the Law Firm, or its intentions as to future representation in this matter.

In its Memorandum in support of its Motion, the Law Firm argues that the Motion should be granted, because the Minnesota Rules of Professional Conduct require an attorney to withdraw from representation when discharged by the client. See, <u>Memorandum in Support of Defendant's Counsel's Motion to for Withdrawal</u>, <u>Docket No. 17</u>, at p. 1-2. As such, the Law Firm argues that good cause exists for withdrawal from representation. <u>Id.</u>

III. Discussion

A.  Standard of Review. Motions, by counsel of Record, to withdraw from their representation of a client, are inherently fact-specific, and are not readily amenable to a bright-line, doctrinaire approach. Rather, the factual circumstances, which drive such Motions, must be considered in the context of the attorney's duties to the Court, to the client, and to the profession. In this District, when an attorney seeks to withdraw, without a substitution of counsel -- as is the case here -- leave of Court is required. See, D. Minn. LR83.7(c).[3] We view the requirement, that a withdrawal of counsel in the absence of substitute counsel will only be allowed with Court leave, to evince the Court's paramount interest in the administration of justice.

As the Court explained, in Hasbro, Inc. v. Serafino, 966 F. Supp. 108, 110 (D. Mass. 1997), quoting Hammond v. T.J. Litle & Co., 809 F. Supp. 156, 159 (D. Mass. 1992):

> [T]here exists an interest beyond that of the client or the attorney, namely, the interests of the Court. "An attorney

---

[3]D. Minn. LR83.7(c) provides as follows:

> Withdrawal without substitution may be granted only by a motion made before the Court, for good cause shown. Notice of the motion shall be provided to the client, and the motion shall be scheduled in accordance with LR7.1.

> who agrees to represent a client in a court proceeding assumes the responsibility to the court as well as to the client. Both attorney and client agree to a relationship between them that bears also upon their respective obligations to the court."

Beyond the duties owed to the Court, counsel are obligated to adhere to the governing Rules of Professional Responsibility.

In this District, we apply the Minnesota Rules of Professional Conduct in appraising the behavior of attorneys who practice before the Court. See, <u>D. Minn. LR83.6(d)(2)</u>. Those Rules recognize circumstances which mandatorily commend the withdrawal of counsel. See, <u>Rule 1.16(a)</u>, <u>Minnesota Rules of Professional Conduct</u>. The Rules also recognize circumstances which allow permissive withdrawal, such as when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or when "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." See, <u>Rule 1.16(b)(5)-(6)</u>, <u>Minnesota Rules of Professional Conduct</u>.

Here, the Law Firm's continued representation of the Defendant would not cause the firm, or any of its attorneys, to violate the rules of ethics, although its stated

concern, that Defendants have terminated the firm's representation, may well be a precursor to such violations.[4]  An attorney cannot effectively represent a client if the attorney is unable to bind the client on issues properly before the Court.  Here, in the absence of a continued contractual obligation to represent the Defendant, we seriously doubt that the Law Firm could responsibly take any position in the case with confidence that the Defendant would be constrained to accept that position.

For understandable reasons, the Court neither controls, nor desires to control, the access that litigants have to the attorney of their choice.  However, once an

---

[4]The Law Firm appears to assert that continued representation would be a violation of the Minnesota Rules of Professional Conduct.  The Law Firm correctly notes that the Rules require withdrawal from representation when the attorney or law firm has been terminated by the client.  See, Rule 1.16(a)(3). However, we do not read the Rule to be absolute.  The Rules explicitly require that withdrawal, even when based upon discharge of the lawyer by the client, be conducted in accordance with the relevant Rules and Orders of the Court.  See, Rule 1.16(c), Minnesota Rules of Professional Conduct; see also, In re Disciplinary Action Against Fuller, 621 N.W.2d 460, 466 (Minn. 2001), cert. denied, Fuller v. Minnesota Office of Lawyers Professional Responsibility, 534 U.S. 828 (2001)(holding that attorney violated the Rules of Professional Conduct when he failed to comply with the rules of the court in mandatorily withdrawing from representation.); Ohntrup v. Firearms Center, Inc., 802 F.2d 676, 679 (3rd Cir. 1986) (finding that the Court's denial of counsel's Motion to Withdraw without substitution, where counsel had been discharged by the client, did not place attorney in unacceptable ethical position).  Accordingly, as reflected in the text of this Report, while we recommend that the Law Firm's Motion to Withdraw be granted, we do not do so on the ground that continued representation, at the behest of the Court, would put the Law Firm in jeopardy of violating the applicable Rules of Professional Conduct.

attorney has noted his or her appearance in this Court on behalf of a litigant, the Court requires control over whether the litigant should continue to be represented by that attorney. Without such control, the Court's ability to manage its calendar, and to administer justice, would unavoidably suffer. See, Rule 1.16(c), Minnesota Rules of Professional Conduct ("A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation," and "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.").

Moreover, what constitutes "good cause" for the withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw. See, Spearman v. Salminen, 379 N.W.2d 627, 632 (Minn. App. 1986). We have, in the past, found that good cause exists where counsel cannot adequately represent the client without traversing the governing Rules of Professional Conduct, or where a degree of fractiousness, between the client and counsel, has developed which inhibits "the just, speedy, and inexpensive determination of [the] action." Rule 1, Federal Rules of Civil Procedure; see also, Welch v. Niagra Falls Gazette, 2000 WL 1737947 (W.D.N.Y., November 17, 2000)(attorney can withdraw

if presentation of the case to the Court might subject the attorney to sanctions for pursuing a meritless claim). On the other hand, we have held the mere prospect that the action may not be as financially rewarding as counsel might have earlier anticipated, without more, would not satisfy the good cause showing. See, <u>Welch v. Niagra Falls Gazette</u>, supra (holding that an attorney cannot withdraw simply because the case is weaker than originally thought, as that is a risk attendant to agreeing to representation).

        2.    <u>Legal Analysis</u>. Given these precepts, we find that good cause exists to support the Law Firm's withdrawal from its representation of the Defendant, given the Defendant's termination of the Law Firm's services. Nevertheless, we are confronted with a significant complicating factor, since the Defendant is a corporation, which cannot appear <u>pro se</u> in the Federal Courts. See, <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-202 (1993)("It has been the law for the better part of two centuries that a corporation may appear in federal courts only through licensed counsel."); see also, <u>Simitar Entertainment, Inc. v. Silva Entertainment</u>, 44 F. Supp.2d 986, 990 (D. Minn. 1999), quoting <u>Ackra Direct Marketing Corp. v. Fingerhut Corp.</u>, 86 F.3d 852, 857 (8th Cir. 1996); <u>United States v. Van Stelton</u>, 988 F.2d 70, 70 (8th

Cir. 1993); Carr Enters., Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983)("It is well settled law that a corporation may be represented only by licensed counsel.").

Notably, this is not a circumstance in which the Law Firm seeks withdrawal because the prospects of the Defendant's case may not appear as they first did; rather, the Defendant initiated the termination of services, and we find no authority which requires the Law Firm to donate its time and efforts to the Defendant. See, e.g., Carpenters' District Council of Greater St. Louis v. Evans Concrete, Inc., 2008 WL 5191338 at *2 (E.D. Mo., December 10, 2008)("'Litigants have no right to free legal aid' and corporations do not have the benefit of proceeding in forma pauperis."), quoting Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 540 (7th Cir. 2002), citing Rowland v. California Men's Colony, supra at 196. Accordingly, we must address the impact upon the parties, and the Court, if the withdrawal is allowed.

"In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320-21 (2nd Cir. 1999), quoting Brown v. National Survival Games, Inc., 1994 WL 660533 at *3 (N.D.N.Y., November 18, 1994); see also, Vachula v. General Electric Capital Corp., 199 F.R.D.

454, 458 (D. Conn. 2000). Here, allowing the Law Firm to withdraw has the potential to disrupt the progress of this action, given that the Defendant cannot, as a corporation, proceed without representation by an attorney. However, despite our paramount concern for the orderly progression of the cases before us, we find that good cause exists for allowing the Law Firm to withdraw under the circumstances.

Despite being advised of the potential consequences, the Defendant's principals failed to make an appearance at the Hearing, or lodge any form of response to the Motion, and they have shown no interest in defending against the Plaintiff's claims, now or in the future. Given the representations made to the Law Firm by the principals of the Defendant, it appears that the Defendant's actions evince an intent to abandon its defenses. Indeed, we note that there is some doubt as to whether a viable business entity still exists. As such, any prejudice to the Defendant is largely a result of its own conduct and decisions. We further note that, given the infancy of this case, and the fact that the Defendant appears ready to allow this case to proceed by Default, the proceedings are unlikely to be significantly disrupted by allowing the Law Firm's withdrawal.

In sum, we find good cause to support the Law Firm's withdrawal as counsel for the Defendant, and we recommend that its Motion be granted. In so doing, we

direct the Law Firm to forward a copy of this Report and Recommendation to the Defendant, and to advise the Defendant that, if, in fact, it does intend to defend itself in this action, it must retain substitute counsel forthwith. Furthermore, if such counsel is retained, the Defendant must notify us of such retention before the time for objections has expired, or **by no later than October 20, 2009.**

NOW, THEREFORE, It is --

RECOMMENDED:

That the Motion of the Law Firm to Withdraw from the Defendant's representation [Docket No. 15] be GRANTED.


Dated: October 2, 2009          *s/Raymond L. Erickson*
                                Raymond L. Erickson
                                CHIEF U.S. MAGISTRATE JUDGE

NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than**

**October 20, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 20, 2009,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.