UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Gold's Gym Licensing, LLC,
a Delaware limited liability company,

              Plaintiff,

vs.

K-Pro Marketing Group, Inc.,
a Minnesota corporation,

              Defendant.          Civ. No. 09-1211 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the conduct of a Status Conference. At the time of the Conference, the Plaintiff appeared by Stephen J. Vaughn, Esq., and no appearance was made by, or on behalf of, the Defendant. Given the Defendant's failure to abide by two directives of this Court, we conclude that the Defendant no longer seeks to defend itself, and therefore, we recommend that a default be entered against the Defendant.

## II. Factual and Procedural Background

On October 2, 2009, we recommended that the Motion of the Defendant's attorneys of record be granted, and issued the following directive:

> In sum, we find good cause to support the Law Firm's withdrawal as counsel for the Defendant, and we recommend that its Motion [to Withdraw] be granted. In so doing, we direct the Law Firm to forward a copy of this Report and Recommendation to the Defendant, and to advise the Defendant that, if, in fact, it does intend to defend itself in this action, it must retain substitute counsel forthwith. Furthermore, if such counsel is retained, the Defendant must notify us of such retention before the time for objections has expired, or **by no later than October 20, 2009**.

Report and Recommendation of October 2, 2009, Docket No. 20, at pp. 11-12 of 13 [emphasis in original].[1]

---

[1]In a footnote, we also observed as follows:

> If the Law Firm is permitted to withdraw from its representation of the Defendants, and the Defendants do not retain substitute counsel, then the practical effect will be a Default Judgment against K-Pro Marketing Group which, as a corporation, cannot proceed pro se in the Federal Courts. See, Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993)("It has been the law for the better part of two centuries that a corporation may appear in federal courts only through licensed counsel."); see also, Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001) (finding the entry of default proper where corporate defendant "failed to engage counsel admitted to practice before the district

(continued...)

The Defendant filed no objections to our Recommendation, and did not advise the Court, as we had directed, that it intended to defend itself in this action, and retained an attorney to do so. By Order dated October 26, 2009, the District Court adopted our Report and Recommendation. See, Docket No. 21.

Subsequently, by Notice dated November 23, 2009, we scheduled a Status Conference in this matter owing to the Defendant's failure to respond to our directive that it advise of its intention to defend itself in this action, and to take an active role in the pretrial processing of this case. As we have noted, the Defendant made no appearance at the Status Conference, did not seek a continuance, and has failed to inform the Court of its intention to retain counsel, or to otherwise defend itself in these proceedings. At the time of the Conference, counsel for the Defendant advised that, in checking with the Minnesota Secretary of State, counsel learned that the Defen-

---

[1](...continued)
court"), citing Ackra Direct v. Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). In view of that potential consequence, we have styled our ruling as a Report and Recommendation, given the potentially dispositive impact of our suggested ruling may have upon the resolution of this action.

Report and Recommendation, Docket No. 20, at n. 2, at page 2 of 13.

Notwithstanding this forewarning, the Defendant neither objected to the Report and Recommendation, nor advised of any intention to retain substitute legal counsel.

dant's corporate status is listed as inactive, and he further related that the building, which previously housed the Defendant, is now boarded, and unused.

Given that the Defendant cannot proceed in this action without counsel, and given its disobedience to our prior directives, we now recommend that its Answer be stricken, and that the Clerk of Court enter Default against it, as a sanction for its misconduct. We recognize that "[t]here is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, see, e.g., Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980), particularly when monetary damages sought are substantial." Swink v. City of Pagedale, 810 F.2d 791, 792 n.2 (8th Cir. 1987), cert. denied, 483 U.S. 1025 (1987), citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure §2693, at 482-85 (2d ed. 1983). Accordingly, entry of Judgment by Default is a drastic remedy which should be used only in extreme situations. See, Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir. 1968), cert. denied, 392 U.S. 928 (1968); see also, Int'l Bhd. of Elec. Workers v. Hope Elec. Corp., 380 F.3d 1084, 1105 (8th Cir. 2004)(District Court did not abuse discretion in imposing severe sanction of striking Answer and entering a Default Judgment, where defendant improperly objected to

discovery requests as burdensome and provided only partial responses); Federal Deposit Ins. Corp. v. Manatt, 723 F. Supp. 99, 106 (E.D. Ark. 1989).

"Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." Lee v. Bhd. of Maint. of Way Employees, 139 F.R.D. 376, 381 (D. Minn. 1991), citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure §2682, at 411 (2d ed. 1983). In the final analysis, Default Judgments are not favored in the law, and the entry of such a Judgment is only appropriate when there has been a clear record of delay or contumacious conduct. See, United States on Behalf of and for the Use of Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993); Taylor v. City of Ballwin, Missouri, 859 F.2d 1330, 1332 (8th Cir. 1988).

In our view, the entry of a Default Judgment should be a "rare judicial act." Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993), citing Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977). In appropriate circumstances, however, where delay, inattention, inadvertence, or the like, has become inordinate, an entry of Default serves a needed and useful purpose. See, Flaksa v. Little River Marine Constr. Co., supra at 887 ("It is well established that the district court has the authority

to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure.")[footnote omitted]. Moreover, "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered as an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. at 887 n. 3, quoting Link v. Wabash R. Co., 370 U.S. 626, 630-631 (1962); see also, United States v. Certificate of Deposit, 84 F.3d 1034, 1034-1035 (8th Cir. 1996)(citing same).

Here, Default Judgment is not yet possible, given the outstanding issues relating to the Plaintiff's damages, and any need for further Court relief. Nonetheless, we are confronted with the direct disobedience of this Court's directives -- a disobedience that was without excuse, justification, or defense. If parties are free to ignore, or disregard, the lawful Orders of the Court, the judicial processes would be substantially undermined, and faith in the Court's ability to pursue justice would be doubted. We conclude that, in this instance, any lesser sanction, would be ineffective in persuading the Defendant to participate in this action, and abide by the Rules that govern all, given that the Defendant has already demonstrated its intention not to participate in

this legal proceeding, through the retention of substitute legal counsel. We believe that the sanction of a Default Judgment was designed to address the rare occasions, such as this, where the noncompliant party seeks, by inaction, to unnecessarily prolong the litigation, to the added expense of the Plaintiff who merely seeks to have its claims adjudicated on a just, speedy and inexpensive basis.

We are not aware of any authority which would require the Court to plead, persuade, or cajole, a party into participating in litigation, in order to present its alleged defenses. To prolong this proceeding would unduly burden the administration of justice, and the time and resources of both the Plaintiff, and this Court. Accordingly, we recommend that an entry of Default be entered against the Defendant, as a sanction for its willful disobedience of our prior directives, and for its deliberate failure to participate in this action. We are convinced that the Defendant has elected to abandon its defenses in this action, but, of course, if the Defendant has any intention of actively participating in this action, it may advise the District Court of that intention in any objections to this Report and Recommendation.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Clerk of Court be directed to strike the Answer of the Defendant [Docket No. 10], and enter a Default against the Defendant, for its failure of prosecution, and as a sanction for its willful disobedience to the directives of this Court.

Dated: December 7, 2009  *s/Raymond L. Erickson*
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 21, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **December 21, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.